UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 12-11893-RWZ

AMANDA DENIS,
*Individually and Parent and Natural Guardian of A.S.*

v.

KATHLEEN CAYANUS, PA-C, *et al.*

ORDER

October 7, 2013

ZOBEL, D.J.

Plaintiff Amanda Denis filed suit in Massachusetts Superior Court against several health care professionals and organizations, alleging she received negligent medical care. One of the defendants, Healthfirst Family Care Center, Inc., a community health center, is a federal entity, see 42 U.S.C. § 233, and another, Stephanie Lee, a physician's assistant at Healthfirst, is a federal employee. See id. Healthfirst and Lee removed the case to this court and substituted the United States as a defendant (Docket # 12). 28 U.S.C. § 2679(d)(1). The United States now moves to dismiss (Docket # 20) for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1).

The doctrine of sovereign immunity protects the United States from suit. United States v. Sherwood, 312 U.S. 584, 586 (1941). A federal court has subject matter jurisdiction over a suit against the United States only if Congress has waived sovereign

immunity and provided consent to be sued. United States v. Mitchell, 445 U.S. 535, 538 (1980). Plaintiff's claims against the United States arise under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680, a limited waiver of sovereign immunity which "permits individuals to sue the government for 'injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment.'" Barrett ex rel. Estate of Barrett v. United States, 462 F.3d 28, 36 (1st Cir. 2006) (quoting 28 U.S.C. § 1346(b)(1)). The FTCA requires claimants to file a claim with the appropriate federal agency before filing suit in federal court. 28 U.S.C. § 2675(a). The United States asserts that plaintiff has not filed this required administrative claim, and plaintiff has not responded to its assertion. Therefore, both on its merits and due to lack of opposition, the motion to dismiss plaintiff's claims against the United States is ALLOWED.

By allowing the motion to dismiss, I have dismissed all claims over which this court has original jurisdiction. There is no complete diversity of citizenship among the parties and there is no federal question because plaintiff's remaining claims arise under Massachusetts tort law. In such a case, federal law provides that the court "may" decline to exercise supplemental jurisdiction over the state law claims in the suit. Id. § 1367(c)(3); Roche v. John Hancock Mut. Life Ins. Co., 81 F.3d 249, 256-57 (1st Cir. 1996) (stating courts have discretion to exercise supplemental jurisdiction after the federal law claim is eliminated in a federal-question case). This case is at an early stage in the litigation process, and it would not unduly burden the parties or offend

judicial economy for the suit to return to state court.  <u>Delgado v. Pawtucket Police Dep't</u>, 668 F.3d 42, 48 (1st Cir. 2012); <u>Rodriguez v. Doral Mortg. Corp.</u>, 57 F.3d 1168, 1177 (1st Cir. 1995) ("As a general principle, the unfavorable disposition of a plaintiff's federal claims at the early stages of a suit, well before the commencement of trial, will trigger the dismissal without prejudice of any supplemental state-law claims.").

Accordingly, I decline to exercise supplemental jurisdiction over plaintiff's state law claims and REMAND this matter to the Massachusetts Superior Court.  <u>See Carnegie-Mellon Univ. v. Cohill</u>, 484 U.S. 343, 357 (1988) (holding a district court may remand a removed case involving supplemental state law claims when it determines exercising supplemental jurisdiction is inappropriate).

The motion to dismiss of the United States is ALLOWED, and the remaining claims are remanded to the Bristol County Superior Court.

|  |  |
|---|---|
|    October 7, 2013    |    /s/Rya W. Zobel    |
| DATE | RYA W. ZOBEL<br>UNITED STATES DISTRICT JUDGE |